538

Argued April 5, affirmed April 12, 1967

HALL, *Respondent, v.* CONTINENTAL CASU-
ALTY COMPANY, *Appellant.*

426 P. 2d 462

*George M. Joseph,* Portland, argued the cause for appellant. On the briefs were Robert H. Hollister and Morrison & Bailey, Portland.

*Fred McHenry,* Corvallis, argued the cause and filed a brief for respondent.

Before SLOAN, Presiding Justice, and GOODWIN, DENECKE, LUSK and REDDING, Justices.

PER CURIAM.

A disability-insurance carrier appeals a judgment after a jury verdict which found in effect that the plaintiff was totally disabled "from performing the duties of his occupation," although it was stipulated that he was able to perform other work.

Prior to his disability, the insured was a practicing attorney. He suffered from carcinoma of the larynx. Treatment required surgical removal of the larynx and resulted in a loss of voice. The insured filed a claim and received disability payments under the policy. After receiving weekly payments for 59 weeks, the insured was elected and began to serve as a district judge. The insurer thereupon stopped further payments, contending that the insured was no longer disabled.

At the trial, the only issue presented by the defense was whether the insured was able "to practice law." At the end of the evidence the defense made no motion for a directed verdict, nor did it request an instruction which required the court to construe the contract language. The case was submitted to the jury for a general verdict upon the question whether the insured was "able to practice law." The jury apparently believed that he was not.

On appeal, we have been asked to hold, under

Rule 46,[1] that the trial court should have construed the contract language and should have decided the case in favor of the defendant as a matter of law. Rule 46 is intended to relieve litigants of the consequence of their failure to assign error, when the error is manifest on the record and when such an exceptional procedure is necessary in order to avoid a gross miscarriage of justice. In the case at bar, no error is manifest on the face of the record. The defendant had advised the court at the beginning of the trial that the only issue in the case was a factual one: whether or not the plaintiff could "practice law." Since the trial court was never asked to rule upon a definition of the practice of law, or to make any other ruling that, if incorrect, could have been assigned as error, we are not disposed to hold that the trial court committed error in this case.

Affirmed.

---

[1] Oregon Supreme Court Rule of Procedure 46: "In appeals in actions at law no alleged error of the circuit court will be considered by this court unless regularly assigned as error in the appellant's opening brief, except that this court reserves the right to take notice of an error of law apparent on the face of the record."